## OHIO vs. CARMANS.

To constitute robbery, the taking must be with a felonious intent.
If no fact or circumstance is proven, from which such intent may reason-
ably be inferred. the court will direct a *noli prosequi* to be entered.

INDICTMENT, for "that Jehiel Carman and William Carman, both of the town of Steubenville, in said county, on the 12th day of September, 1816, at Steubenville, in said county, with force and arms, forcibly, by violence, and putting in fear, one John M. Goodenow, then and there being, three certain bank notes, of the value of twenty dollars, from his person did take, and carry away, contrary," &c.

PLEAS—Not guilty.

WRIGHT, for the state, asked the court to permit Mr. HALLOCK and Mr. DYKE to conduct the prosecution in his stead—which request was granted by the court.

REDICK and STOKELY, for the prisoners.

Evidence for the state :—Jehiel Carman, one of the prisoners, had supplied Goodenow with a quantity of wood, concerning which a dispute arose between them ; they had a law-suit before a justice of the peace, and abused each other in the street a few days afterwards. The prisoners went to Goodenow for pay for the wood; one of them had a cane in his hand; Goodenow invited them into his office, they went in ; he offered to pay twenty dollars for the wood, if Jehiel would give a receipt in full for the wood; they assented to it; he then wrote a receipt; they read it, and said it was right; he then counted out twenty dollars in bills, and laid them on the table, and placed his hand on them; after some time he took his hand off the bills, and Jehiel took them up and put them in his pocket. Goodenow then asked him to sign the receipt; he said it would be best to have a witness; they went away with the money. The next day, Jehiel offered Goodenow a receipt for $20, which he had written and signed. No personal violence was offered, or threats used, by either of the prisoners, though Goodenow was in great fear of personal violence.

After the evidence for the state was closed, the President asked the

JEFFERSON.
December 1816

Ohio
v.
Carmans.

counsel for the state what fact or circumstance in the evidence would warrant the jury in finding a felonious intent in this transaction?

HALLOCK observed, that he supposed it must be inferred from all the circumstances but that in truth the cause rather labored in that particular.

PRESIDENT.—To constitute robbery, there must be a taking of money or personal goods or chattels, from the person of another, by force, violence, and putting in fear, and with a felonious intent. There can be no crime without a vicious will as well as an unlawful act. The intention with which any act is done, is that which makes it criminal or innocent. I have attended to all the evidence given in this case, expecting to hear some circumstances disclosed, from which a felonious intent might be inferred; but I have heard no fact or circumstance from which such conclusion can be drawn. The law presumes that the prisoners at the bar are innocent, until you prove them guilty. We ought not to put them upon their defence, until they have something to defend themselves against, beside the charge in the indictment; they have nothing to say, until you make out a *prima facie* case against them.

One of the prisoners, and the prosecuting witness, had a dispute about some wood; they disagreed on the price; the witness was willing te give twenty dollars, he considered that he owed so much, but he annexed a condition to the payment of the money which the other was under no legal or moral obligation to comply with; the witness counted out the money on the table, one of the prisoners took it up, he took it most plainly on a claim of right, as money acknowledged to be due to him; as his own property. Much has been said about the fears of the witness; but here was no putting in fear, no gesture or word of menace, nothing which could move the most susceptible to that painful emotion; and here can be no pretence of anything like a taking of these bills with a felonious intent. Without further evidence, the prosecution cannot go on.

HALLOCK, saying that they had no more evidence, and would submit to a *noli prosequi*—

The Court ordered a *noli prosequi* entered, and discharged the jury.